**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

                            Plaintiff,

v.

KENNETH W. NESS; ERVIN R. NESS;
MARY L. NESS; THE STATE OF
MINNESOTA; CAPITAL ONE BANK
USA, NA; CAVALRY SPV 1 LLC, *as
assignee of FIA Card Services NA/Bank of
America*,

                            Defendants.

Civil No.  17-1243 (JRT/LIB)


**ORDER OF
DEFAULT JUDGMENT**


Richard G. Rose, **U.S. DEPARTMENT OF JUSTICE, TAX DIVISION**,
Post Office Box 7238, Ben Franklin Station, Washington, D.C.  20044, for
plaintiff.

Kenneth W. Ness, Ervin R. Ness, and Mary L, Ness, 18789 350th Street
Northeast, Middle River, MN  56737, *pro se* defendants.

Michael P. Goodwin, **MINNESOTA ATTORNEY GENERAL'S
OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN  55101, for
the State of Minnesota.


The United States brings this civil action to enforce tax liens encumbering certain

real property owned by the defendants.  (Compl. ¶¶ 1, 6-8, Apr. 19, 2017, Docket No. 1.)

Neither Defendant Capital One Bank USA, NA ("Capital One") nor Defendant Cavalry

SPV 1 LLC ("Cavalry") filed an answer to the Complaint or any other motion in this

case.  The clerk entered default against both parties on June 12, 2017.  (Clerk's Entry of

Default, June 12, 2017, Docket No. 22); *see also* Fed. R. Civ. P. 55(a).  The United States

moves for default judgment as to Capital One and Cavalry.  (Mot. for Default J., Mar. 19,

2018, Docket No. 56.)

"When a party against whom a judgment for affirmative relief is sought has failed

to plead or otherwise defend . . . the clerk must enter the party's default."  Fed. R. Civ. P.

55(a).  Upon the clerk's entry of default, "the factual allegations of a complaint (except

those relating to the amount of damages) are taken as true."  *Murray v. Lene*, 595 F.3d

868, 871 (8th Cir. 2010).  "When an action presents more than one claim for relief . . . or

when multiple parties are involved, the court may direct entry of a final judgment as to

one or more, but fewer than all, claims or parties only if the court expressly determines

that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  "A default judgment must

not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed.

R. Civ. P. 54(c).  The Court will find that there is no just reason for delay in entering final

judgment against Capital One and Cavalry.

First, the Court must decide whether the unchallenged facts constitute a legitimate

cause of action for which the Court can enter default judgment.  *Murray*, 595 F.3d at 871.

The United States may place a tax lien on property owned by an individual who fails or

refuses to pay taxes owed to the United States.  26 U.S.C. §§ 6321, 6322.  The Internal

Revenue Service has assessed federal taxes and penalties against Kenneth Ness, and Ness

has failed to pay the outstanding amounts.  (Compl. ¶¶ 13-17.)  The United States seeks

to enforce federal tax liens encumbering Ness's property in order to satisfy the

outstanding amounts.  The Attorney General – or a delegate of the Attorney General –

may bring a civil action to enforce the tax liens.  26 U.S.C. § 7403(a).  "All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."  26 U.S.C. § 7403(b).  Capital One and Cavalry may have an interest in the property subject to the tax lien.  (Compl. ¶¶ 10-11.)  However, Capital One and Cavalry have not asserted an interest in the property.  Accordingly, the Court will enter judgment against Capital One and Cavalry because they have not asserted any interest in the property.

Second, the Court must balance the inequities of delaying default judgment against the goal of avoiding piecemeal appeals. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see also* Fed. R. Civ. P. 54(b).  Capital One and Cavalry have been in default for nearly a year.   The Court and the other parties cannot wait an indefinite period of time for Capital One and Cavalry to respond.  Indeed, the Court cannot even be certain that Capital One and Cavalry have an interest in the property subject to the tax lien.  (*See* Compl. ¶¶ 10-11 (stating the defendants **may** have an interest).)  Further delay would prejudice the United States by failing to allow for quick resolution of its claim and by requiring it to continue to litigate with two parties who have demonstrated no interest in this case.  Entry of default against Capital One and Cavalry will not prejudice the remaining defendants.  Additionally, the Court finds that the risk of piecemeal appeal is minimal because Capital One and Cavalry have failed to litigate this case.  Accordingly, the Court concludes that there is no just reason to delay the entry of default judgment.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff United States' Motion for Default Judgment as to Capital One USA, NA, and Cavalry SPV 1 LLC [Docket No. 56] is **GRANTED**.

2.      The Court **DECLARES** that Capital One and Cavalry have failed to demonstrate an interest in the real property at issue in this case.  Accordingly, the Court **CONCLUDES** that neither Capital One nor Cavalry has a right, title, lien, claim, or interest in the real property at issue in this case.

3.      The Clerk shall enter judgment against Capital One.

4.      The Clerk shall enter judgment against Cavalry.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  May 7, 2018                                    _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                              Chief Judge
                                                              United States District Court