# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>KENNETH W. NESS; ERVIN R. NESS; MARY L. NESS; THE STATE OF MINNESOTA; CAPITAL ONE BANK USA, NA; CAVALRY SPV 1 LLC, *as assignee of FIA Card Services NA/Bank of America*,<br><br>        Defendants. | Civil No. 17-1243 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Richard G. Rose, **UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION**, Post Office Box 7238, Ben Franklin Station, Washington, DC 20044, for plaintiff.

Kenneth W. Ness, Ervin R. Ness, and Mary L. Ness, 18789 350th Street Northeast, Middle River, MN 56737, *pro se* defendants.

Michael P. Goodwin, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for the State of Minnesota.

## BACKGROUND

The United States brings this civil action to enforce tax liens encumbering certain real property owned by one or more of the defendants. (Compl. ¶¶ 1, 6-8, Apr. 19, 2017, Docket No. 1.) In Count I of the complaint, the United States sought to reduce to judgment Kenneth Ness's unpaid federal income taxes. (Id. ¶¶ 12-17.) The United States and

Defendant Kenneth Ness stipulated to entry of judgment on Count I in the United States' favor (Stip., Mar. 9, 2018, Docket No. 50), and the Court entered judgment on Count I accordingly, (J., Mar. 30, 2018, Docket No. 62). In Count II of the complaint, the United States seeks to enforce tax liens against certain real property owned by Kenneth Ness. (Compl. ¶¶ 18-26.) The United States named five co-defendants in this action because each may have an interest in the real property at issue. (*Id.* ¶¶ 7-11.) Those five co-defendants are Ervin and Mary Ness (Kenneth's parents), the State of Minnesota, and two financial institutions. (*Id.*) The financial institutions did not file an answer, and the Court entered default judgment against them on Count II of the complaint, declaring that neither institution has any interest in the property. (J., May 8, 2018, Docket No. 76.) The State of Minnesota filed an answer, alleging that it too has tax liens against the property and asking that "in any order of foreclosure . . . the sale of the subject real property identified in the Complaint be sold subject to the liens of Defendant State of Minnesota, through the Minnesota Department of Revenue." (State Answer at 3, June 15, 2017, Docket No. 25.) The Nesses also filed an answer, admitting that Ervin and Mary Ness sold the property to Kenneth in 2004, and that Ervin and Mary Ness retain a life estate in a portion of the property. (Compl. ¶¶ 20, 22; Ness Answer ¶¶ 20, 22, Sept. 8, 2017, Docket No. 32.)

Now, the United States moves for summary judgment on Count II so that the United States may sell Kenneth Ness's real property and use the proceeds to satisfy – at least in part – his unpaid federal tax liabilities. (Mot. for Summ. J., Apr. 2, 2018, Docket No. 63.) Specifically, the United States seeks judgment that (1) it has valid tax liens that attach to Kenneth Ness's real property, (2) Ervin and Mary Ness have a life estate in a portion of

Kenneth Ness's real property, and (3) the United States may sell the non-life-estate portion of the property to partially satisfy Kenneth Ness's unpaid federal tax liabilities. No defendant submitted any opposition to the United States' motion.

## DISCUSSION

### I. STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the lawsuit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### II. THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

The Court will grant the United States' motion. There is no genuine dispute of material fact that the United States has valid and subsisting tax liens that attach to all property and rights to property held by Kenneth Ness. Kenneth Ness admits that he has unpaid federal income taxes. (Stip.) The United States issued assessments for those unpaid taxes. (*See* Decl. of Richard G. Rose ¶ 4, Exs. 4-12, Apr. 2, 2018, Docket No. 66; Decl. of

John T. Miller ¶¶ 3, 78, Apr. 2, 2018, Docket No. 67.)[1] Due to Kenneth Ness's failure to pay, federal tax liens arose pursuant to I.R.C. §§ 6321-6322 and attached to all property and rights to property belonging to him, including the real property located at 18789 350th Street NE, Middle River, Minnesota, 56737, referred to in Count II of the United States' complaint. *See Drye v. United States*, 528 U.S. 49, 53 (1999). As a result, the United States may enforce its liens against Kenneth Ness's property by selling that property and applying the proceeds to Kenneth Ness's unpaid tax liabilities. I.R.C. § 7403; *United States v. Rodgers*, 461 U.S. 677, 680-81 (1983).

It is undisputed that Ervin and Mary Ness have a life estate in a portion of Kenneth Ness's real property and that Ervin and Mary Ness's interest has priority over the interest of the United States. (*See* Mem. Supp. Mot. for Summ. J. at 8-9, Apr. 2, 2018, Docket No. 65.) Thus, the United States may not sell the portion of Kenneth Ness's property encumbered by Ervin and Mary Ness's life estate.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff United States' Motion for Summary Judgment [Docket No. 63] is **GRANTED**. **IT IS FURTHER ORDERED THAT**:

---

[1] Tax assessments are presumed correct, and the taxpayer bears the burden of proving that they are incorrect. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *Boles Trucking, Inc. v. United States*, 77 F.3d 236, 239 (8th Cir. 1996).

1. Judgment is entered in favor of the United States and against Defendant Kenneth W. Ness on Count II of the United States' Complaint as follows:

    a. The United States has valid and subsisting tax liens that attach to all property and rights to property held by Kenneth W. Ness, including the entire property located at 18789 350th Street Northeast, Middle River, Minnesota, 56737 (the "subject property"), and legally described in paragraph 1 on page 1 of Exhibit 1 to the Declaration of John T. Miller in Support of the United States' Motion for Summary Judgment [Docket No. 67].

    b. Defendants Ervin R. Ness and Mary L. Ness currently reside on, and have a life estate in, a portion of the subject property legally described in paragraph 19(e) on page 6 of Exhibit 1 to the Declaration of John T. Miller in Support of the United States' Motion for Summary Judgment [Docket No. 67].

    c. The subject property, less the life-estate portion of the subject property described in paragraph 1(b) above, shall be sold subject to further Order of the Court.

2. Judgment is entered on Count II of the United States' Complaint because the Court has determined the relative priorities of the parties' interests in the subject property as follows:

    a. First priority to Defendants Ervin R. Ness and Mary L. Ness.

    b. Second priority to the United States and Minnesota Department of Revenue pursuant to the stipulation of those parties [Docket No. 43].

c. The Court has previously ordered that Capital One USA, NA, and Cavalry SPV 1 LLC have no right, title, lien, claim, or interest in the subject property [Docket No. 75].

3. Nothing in this Order or Judgment shall preclude the United States from selling Defendant Kenneth W. Ness's remainder interest in the life-estate portion of the subject property described in paragraph 1(b) above.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 17, 2018　　　　　　　　　　　\_\_\_\_\_s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court