# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES, | Civil No. 17-1243 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER OF SALE** |
| KENNETH W. NESS, et al, | |
| Defendants. | |

---

Richard G. Rose, **US DEPARTMENT OF JUSTICE,** Tax Division, PO Box 7238, Ben Franklin Station, Washington, DC 20044, for plaintiff.

Kenneth W. Ness, Ervin R. Ness, Mary L. Ness, 18789 350th Street NE, Middle River, MN 56737, *pro se* defendants.

Michael P. Goodwin, **MINNESOTA ATTORNEY GENERAL'S OFFICE,** 445 Minnesota Street, Suite 1100, St Paul, MN 55101-2128, for defendant Minnesota Department of Revenue.

This Court entered a judgment in this action on March 30, 2018 (Docket No. 62), in favor of plaintiff United States and against defendant Kenneth W. Ness ("Taxpayer") for unpaid federal income tax liabilities. This Court entered a judgment in this action on August 20, 2018 (Docket No. 79), that the federal tax liens associated with those liabilities be enforced with a judicial sale of the land, along with all improvements, buildings, and appurtenances thereon, now known as and numbered 18789 350th Street Northeast, Middle River, Minnesota, 56737, less the life-estate portion of the land described below, and that the proceeds of sale be distributed as set forth in the Court's final judgment.

The property subject to this order of sale is more fully described as follows:

> 1. PROPERTY DESCRIPTION. Seller hereby sells, and Purchaser hereby buys, real property in Marshall County, Minnesota described as follows:
>
>    Northeast Quarter (NE¼), South Half of the Northwest Quarter (S½NW¼), and North Half of the Northwest Quarter (N½NW¼) of Section Thirty-three (33), Township One Hundred Fifty-seven (157) North of Range Forty-two (42) West of the Fifth Principal Meridian;  07.0131.000   07.0132.000
>
> together with all hereditaments and appurtenances thereto (the Property).

Being the property conveyed to Kenneth W. Ness by contract for deed, dated June 18, 2004, and recorded with the Marshall County Recorder on November 22, 2004.

Pursuant to the terms of the contract for deed, Ervin R. Ness and Mary L. Ness retained a life estate in a portion of the property. The portion of the property in which Ervin R. Ness and Mary L. Ness retained a life estate is legally described as follows:

> (e) LIFE ESTATE. Seller shall retain a life estate in that portion of the Property described as follows:
>
> Commencing at the northeast corner of the Northeast Quarter (NE¼) of Section Thirty-three (33), Township One Hundred Fifty-seven (157) North of Range Forty-two (42) West of the Fifth Principal Meridian; thence in a westerly direction along the North line of said NE¼ a distance of 532 feet to the point of beginning; thence continuing in a westerly direction along the North line of said NE¼ a distance of 1,224 feet; thence in a southerly direction along a line parallel with the East line of said NE¼ a distance of 805 feet; thence in an easterly direction along a line parallel with the North line of said NE¼ a distance of 430 feet; thence in a southerly direction along a line parallel with the East line of said NE¼ a distance of 150 feet; thence in an easterly direction along a line parallel with the North line of said NE¼ a distance of 75 feet; thence in a northerly direction along a line parallel with the East line of said NE¼ a distance of 150 feet; thence in an easterly direction along a line parallel with the North line of said NE¼ a distance of 589 feet; thence in a northerly direction along a line parallel with the East line of said NE¼ a distance of 289 feet; thence in an easterly direction along a line parallel with the North line of said NE¼ a distance of 130 feet; thence in a northerly direction to the point of beginning.

The property subject to this order is defined as the land, along with all improvements, buildings, and appurtenances thereon, now known as and numbered

18789 350th Street Northeast, Middle River, Minnesota, 56737, with legal description set forth above, less the life-estate portion of the land described above ("the Property").

The Court now ORDERS that the Property shall be sold, pursuant to 26 U.S.C. § 7403(c) and 28 U.S.C. §§ 2001 and 2002, in order to collect the unpaid federal tax liabilities as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") are authorized to offer for public sale and to sell the Property of sale.

2. **Terms and Conditions:** The terms and conditions of the sale are set forth below.

   a. The sale of the Property shall be by public auction to the highest bidder, free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the plaintiff United States and the defendants Kenneth W. Ness; Ervin R. Ness; Mary L. Ness; The State Of Minnesota; Capital One Bank USA, NA; Cavalry SPV 1 LLC, as assignee of FIA Card Services NA/Bank Of America and any successors in interest or transferees of those parties.

   b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.

   *Sale Location*

   c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the premises of the Property.

*Notice of Sale*

d.	The PALS shall announce the date and time for sale.

e.	Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Marshall County and, at the discretion of the PALS, by any other notice or advertisement that the PALS deems appropriate. The notice of the sale shall contain an adequate description of the Property but need not contain the full legal description, and shall contain the material terms and conditions of sale set forth in this order of sale.

f.	The Property shall be offered for sale "as is."

*Redemption*

g.	The sale shall be made without any right of redemption.

*Minimum Bid*

h.	The PALS shall set, and may adjust, the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and adjust the minimum bid.

*Payment of Deposit and Balance*

i.	At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order, certified check, or cashier's check made payable to the Clerk of the United States District Court for the District of Minnesota, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as

specified by the PALS in the published notice of sale. Upon receipt, the PALS will deposit the funds with the Clerk of this Court. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

j.   The successful bidder(s) shall pay the balance of the purchase price for the Property within forty-five (45) days following the date of the sale. The money order, certified check, or cashier's check shall be made payable to the Clerk of the United States District Court for the District of Minnesota and shall be given to the PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited and disbursed pursuant to further order of this Court, first to cover the expenses of the sale, then any amount remaining to be applied to the judgment for the federal tax liabilities entered in this case. The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder, at the sole discretion of the United States. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the Property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

    k.      The Clerk of this Court is directed to accept the deposits and the balance of the proceeds of the sale and deposit them into the Court's registry for distribution as provided for pursuant to further order of this Court.

*Confirmation of Sale*

    l.      The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Property that are held or asserted by the parties to this action are discharged and extinguished.

    m.      After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Property, effective as of the date on which this Court confirms the sale, to the successful bidder(s). Also, after this Court confirms the sale, and on receipt of the deed from the successful bidder, the Recording Official of Marshall County, Minnesota, shall cause the transfer of the Property to be reflected upon that county's register of title. The successful bidder(s) shall pay, in addition to the amount of the bid, any county or local documentary stamps and registry fees as provided by law.

3.    **Preservation of the Property:** Up until the date on which this Court confirms the sale of the Property, Taxpayer and Ervin R. Ness and Mary L. Ness shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the

Property, and Taxpayer and all occupants of the Property shall neither commit waste against the Property, nor cause or permit anyone else to do so. Up until the date on which this Court confirms the sale of the Property the defendants in this case shall do nothing that tends to reduce the value or marketability of the Property, nor shall they cause or permit anyone else to do so. Such defendants shall not record any instrument, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet or social media postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. If the Property is destroyed before the date on which this Court confirms the sale of the Property and Taxpayer(s) is/are entitled to insurance proceeds, the insurance proceeds shall be paid into the registry of this Court. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

4.     **Vacating the Property:** All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).

If any person fails or refuses to vacate the Property by the date specified in this order of sale, or attempts to re-enter the Property thereafter, the PALS is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected or excluded, in particular:

    a.    The U.S. Marshals Service is authorized to and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order.

    b.    The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

5.    **Abandoned Personal Property:** Any personal property remaining on the Property thirty (30) days after the date of this order of sale is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale. If the abandoned personal property is sold, the proceeds of the sale are to be deposited into the registry of this Court and disbursed pursuant to further order of this Court, first to cover the expenses of the sale, then any amount remaining to be applied to the judgment for the federal tax liabilities entered in this case or as otherwise ordered. Money orders and checks for the purchase of the personal property shall be made payable to the Clerk of the United States District Court for the District of Minnesota and the Clerk of the Court is directed to accept cash, money orders, and checks, and deposit such items into the Court's registry for distribution as provided for pursuant to further order of this Court.

6.      **Forwarding Address:** No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4, above, Taxpayer or his agent shall notify counsel for the United States of a forwarding address where he can be reached. Notification shall be made by contacting the U.S. Department of Justice Tax Division's trial attorney at (202) 616-2032.

7.      **Access to the Property:** Up until the date on which this Court confirms the sale of the Property, the IRS, PALS, and their representatives are authorized to have free and full access to the Property in order to take any and all actions necessary to preserve and market the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

8.      **Claims:** After the Court confirms the sale of the Property, the sale proceeds deposited with the Clerk of this Court shall be distributed in the order specified below:

    a.      First, to PALS, and payable to the United States Treasury, for the costs and expenses of the sale, including any costs and expenses incurred to secure or maintain the Property pending sale and confirmation by the Court.

    b.      Next, to Marshall County or other local taxing authority for real property taxes and other local assessments due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6).

    c.      Next, to defendants Ervin R. Ness and Mary L. Ness to fully satisfy the outstanding balance on their contract for deed.

    d.      Next, to the United States and Minnesota Department of Revenue pursuant to the stipulation of those parties (Docket No. 43).

On or before confirmation of the sale, PALS, Marshall County, defendants Ervin R. Ness and Mary L. Ness, and Minnesota Department of Revenue shall provide current balances due on their respective claims.

DATED: September 24, 2018                        _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                                             Chief Judge
                                                     United States District Court